# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

Homer O. Reed Sr.,

    Plaintiff,

v.

Aramark, et al.,

    Defendants.

Case No. 2:19-cv-00258-APG-BNW

**ORDER**

Before the Court is plaintiff Homer O. Reed Sr.'s motion to issue summons. ECF No. 20. The Court will construe the motion as one to issue summons and to effect service of process. Further, the Court will grant Mr. Reed's motion because the prior failure to effect service was not his fault, and as a plaintiff proceeding in forma pauperis ("IFP") he is entitled to the Court's aid in issuing and serving all process.

**I.  Background.**

On February 11, 2019, Mr. Reed, proceeding pro se and IFP, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1–1. In the complaint, Mr. Reed alleges that defendant Shirley,[1] an Aramark dietician, repeatedly sent Mr. Reed food trays with carrots despite knowledge of his life-threatening allergy, and that this conduct constituted unconstitutional conditions of confinement under the Fourteenth Amendment. *Id.* at 4–5.

In accordance with the terms of the Prison Litigation Reform Act, the Court screened the complaint in order to determine whether there were any cognizable claims. ECF No. 11 at 1–2. On November 11, 2019, the Court held that Mr. Reed's claim could proceed against Shirley. *Id.* at 9.

---

[1] In the complaint the litigant is only identified as "defendant Shirley."

The Court further ordered the Clerk of Court to issue a summons for Shirley through the U.S. Marshal Service and to send Mr. Reed a USM-285 form at his current address. *Id.* at 9–10. Within the same day, the summons was issued and the USM-285 was sent to the address on file for Mr. Reed. ECF No. 13.

On December 6, 2019, the mail containing the USM-285 form was returned as undeliverable. ECF No. 14. Three days later, the Court ordered Mr. Reed to update his address and he complied on December 30, 2019. ECF Nos. 15–16. It does not appear that an additional USM-285 form was sent to Mr. Reed's updated address. On January 10, 2020, the original summons was returned unexecuted due to missing the USM-285 form. ECF No. 17.

On February 26, 2020, Mr. Reed attempted to file a motion for service, but it was incorrectly formatted as a letter. ECF No. 19. Mr. Reed correctly filed the underlying motion on March 27, 2020. ECF. No. 20. Since filing this motion he has subsequently filed a motion for response and updated his address twice. ECF Nos. 21–23.

**II.     Discussion.**

An incarcerated pro se plaintiff proceeding IFP is entitled to rely on the United States Marshal for service of the summons and complaint. Fed. R. Civ. P. 4(c)(3); *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Officers of the court are to issue and serve all process. 28 U.S.C. § 1915(d).

An action will be dismissed if service of the summons and complaint is not made within 90 days after the filing of the complaint, unless the party shows good cause for the failure. Fed. R. Civ. P. 4(m). An IFP complainant shows good cause where the failure of the United States Marshal to effect service is through no fault of the plaintiff. *Puett*, 912 F.2d at 274. Conversely, if the plaintiff's own "inaction or dilatoriness" causes the failure of timely service, the United States Marshal's responsibility to effect service will not absolve the plaintiff of fault. *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987); *see Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991).

Because the U.S. Marshal Service is obligated to effectuate service for the purpose of relieving an IFP plaintiff of this burden, courts have generally been reluctant to penalize a

plaintiff so long as he has taken reasonable steps to identify the defendants named in the complaint. *See, e.g.*, *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009); *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986) ("It would not be in the interest of justice to penalize a plaintiff for his reliance on the actions of the U.S. Marshal Service.")

Here, the Court must determine whether the Marshal's failure to properly serve Shirley was due to Mr. Reed's dilatoriness or fault.

An IFP plaintiff will be absolved of fault where there is no neglect on behalf of the plaintiff and where the plaintiff has "done everything in his power" to effect personal service through the U.S. Marshal. *Puett*, 912 F.2d at 274.

Additionally, continued efforts by the plaintiff to contact the court will generally serve as sufficient action to entitle the plaintiff to rely on the Marshal Service. *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). For instance, in *Fowler*, an IFP plaintiff specified four defendants in his initial complaint but only one was successfully served by the U.S. Marshal Service. *Id.* at 1095. Once the plaintiff became aware of this deficiency, he notified the court of the error and entrusted the Marshal Service to effect service on the remaining defendants. *Id.* When the Marshal Service again failed to serve the other defendants, the plaintiff was not penalized. *Id.* Rather, the court held that once the plaintiff contacted the court regarding the initial deficiency "it was not unreasonable for him to rely on the U.S. Marshals to properly effect service on the remaining defendants." *Id.*

Although IFP plaintiffs may rely on the U.S. Marshal Service, a plaintiff may not "remain silent and do nothing to effectuate such service." *Rochon*, 828 F.2d at 1110. For example, in *Rochon*, the U.S. Marshal Service notified the plaintiff that their attempt to serve the defendant at the location provided by the plaintiff had failed. *Id.* at 1108. Despite this notification, the plaintiff took no further steps to collaborate with the U.S. Marshals in order to properly serve the defendant. *Id.* at 1109. The court held the plaintiff at fault for failure to effect service because "[a]t a minimum a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.* at 1110. Because the

plaintiff was aware of the service failure and declined to again request service on the defendant despite this knowledge, he was not penalized for failure of the U.S. Marshals but rather because of "inaction and dilatoriness on his part." *Id.*

Here, the failure to effect service does not appear to be the result of Mr. Reed's neglect as he likely has "done everything in his power" to cooperate with the U.S. Marshals to effect service on Shirley. Just as the plaintiff in *Fowler* notified the court once he learned that certain defendants had not been served, Mr. Reed filed a motion for service when he learned the initial summons had been returned unexecuted. Additionally, unlike *Rochon*, where the plaintiff remained silent following notification that service failed, Mr. Reed filed an additional motion for service and has made subsequent efforts to keep contact with the Court through filing a motion for response and twice updating his address. Because Mr. Reed has made multiple efforts to contact the Court in order to serve Shirley, he should be entitled to rely on the U.S. Marshal Service.

Accordingly, the Court holds that Mr. Reed has shown good cause for failure to enact service on Shirley and thus is entitled to rely on the U.S. Marshal Service to effect service of process.

**III.   Conclusion.**

IT IS THEREFORE ORDERED that Mr. Reed's motion for issuance of summons (ECF No. 20) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court send Mr. Reed one blank copy of form USM-285.

IT IS FURTHER ORDERED that Mr. Reed shall have twenty days in which to furnish the U.S. Marshals Service with the required USM-285 form.[2]

IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this order, the issued summons, and the complaint (ECF No. 13) on the U.S. Marshals Service.

---

[2] The U.S. Marshal Service is located at 333 S. Las Vegas Blvd, Suite 2058, Las Vegas, NV 89101.

IT IS FURTHER ORDERED that the U.S. Marshal shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on Shirley upon receipt of the USM-285 form.

IT IS FURTHER ORDERED that Mr. Reed's motion for response (ECF No. 21) is DENIED as moot.

IT IS FURTHER ORDERED that Mr. Reed's motion for a status update (ECF No. 24) is DENIED as moot.

DATED: June 30, 2020

                                          BRENDA WEKSLER
                                          UNITED STATES MAGISTRATE JUDGE